UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| INEZ POWELL, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>NOVARTIS PHARMAEUTICALS )<br> CORPORATION, )<br>)<br>Defendant. ) | 1:05-cv-1261-SEB-VSS |

### Entry Discussing Motion for Summary Judgment

As used in this Entry, "Powell" refers to the plaintiff, Inez Powell, "NPC" refers to the defendant, Novartis Pharmaceutical Corporation, and "Methodist" refers to Methodist Hospital of Indianapolis. NPC seeks resolution of Powell's products liability claim through the entry of summary judgment.[1] For the reasons explained in this Entry, NPC's motion for summary judgment must be **granted.**

### Discussion

Powell's claim in this lawsuit is that she was injured at Methodist Hospital of Indianapolis on April 16, 2003, when she was forcibly injected with two large syringes of Lotrel® and that NPC manufactured the Lotrel®. She seeks damages.

---

[1] "Summary judgment is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005) (quoting Rule 56(c) of the Federal Rules of Civil Procedure). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* "'It is well-settled that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.'" *Sanders v. Village of Dixmoor,* 178 F.3d 869, 870 (7th Cir. 1999) (quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983)). Powell has not opposed NPC's motion for summary judgment. The consequence of this is that the well-supported facts submitted in support of such motion are accepted as true for the purpose of resolving NPC's motion.

      The pleadings and the evidentiary record, however, show that NPC never manufactured, distributed or produced Lotrel® in injectible form, but did so only in capsule form. The consequence of this is that, if Powell was indeed injured because of a forcible injection on the date she has specified, the medicine she received was not Lotrel®. The evidentiary record further shows that Powell received only one injectable medication during her hospital stay in April 2003, and that this medication was Lovenox, which is manufactured by Aventis Pharmaceuticals, Inc.

      Although the court makes no determination as to the nature or cause of Powell's injuries from any incident at Methodist in April 2003, insofar as alleged in this lawsuit, the evidentiary record establishes without dispute from Powell that injectable Lotrel® was not administered to her and that NPC did not manufacture any medicine which was administered to her. These facts negate any conceivable liability on the part of NPC for the injury Powell alleges based on the incident she describes in her complaint, because there was no causation between NPC's manufacture of Lotrel® and the injury Powell alleges.

      Judgment consistent with this Entry shall now issue. The costs of this action are assessed against the plaintiff, Inez Powell.

      IT IS SO ORDERED.

Date: 12/06/2005

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana